UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONNIE BROWN,

                    Petitioner,

v.                                    Case No. 3:07-cv-836-J-33HTS

WALTER A. MCNEIL,
et al.,

                    Respondents.

_____

**ORDER**

**I. Status**

Petitioner Ronnie Brown, an inmate of the Florida penal system who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #2) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on August 12, 2007, the date he handed it to prison officials for mailing to the Court.  Petitioner challenges a 2005 state court (Duval County, Florida) judgment of conviction for battery on a law enforcement officer and resisting an officer with violence on the following grounds: (1) ineffective assistance of trial counsel for failure to move for a dismissal of the resisting and obstructing charge (count

two) on the ground of variance; (2) ineffective assistance of trial counsel for failure to object to multiple instances of prosecutorial misconduct; (3) ineffective assistance of trial counsel for failure to conduct an investigation and for failure to call witnesses; (4) the trial court erred as a matter of law by instructing the jury that investigating a suspicious person constitutes lawful execution of a legal duty; (5) ineffective assistance of trial counsel for interfering with his right to testify; (6) ineffective assistance of trial counsel for failure to challenge the perjured testimony; (7) the trial court committed fundamental error in denying him the assistance of counsel and witnesses at the state court evidentiary hearing; (8) ineffective assistance of trial counsel for failure to properly argue the motion for judgment of acquittal at the close of the State's case; and (9) an illegal sentence results when a prior predicate conviction without a final disposition is used for habitualization.

Respondents have responded to the Petition. See Respondents' Answer to Petition for Writ of Habeas Corpus (Doc. #19) (hereinafter Response). In support of their contentions, they have submitted exhibits.[1] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #12). Petitioner has responded. See Petitioner's

---

[1] The Court will hereinafter refer to Respondents' exhibits as "Ex."

Response to Answer to Show Cause (Doc. #22) and Addendum to Petitioner's Response to the Answer to Show Cause (Doc. #23). This case is now ripe for review.

## II. Procedural History

On May 11, 2004, Petitioner Ronnie Brown was charged, by Information, with battery on a law enforcement officer (count one) and resisting an officer with violence (count two). Ex. A at 5-6, Information. At the trial, Petitioner was represented by Matthew Shirk, an Assistant Public Defender. Ex. C and Ex. D, Transcript of the Jury Trial Proceedings (hereinafter Tr.). After a trial by jury, the jury returned verdicts of guilty, as charged in the Information. Ex. A at 59, 60, Verdicts. Petitioner was sentenced, as a habitual felony offender, to a term of eight years of imprisonment for count one and a term of eight years of imprisonment for count two, to run concurrently to each other. Id. at 130-36, Judgment.

On direct appeal, Petitioner, through counsel, raised the following issues: (1) the trial court erred, as a matter of law, in instructing the jury that investigating a suspicious person constitutes lawful execution of a legal duty; (2) the trial court committed fundamental error in instructing the jury that investigating a suspicious person constitutes lawful execution of a legal duty where the instruction was tantamount to a directed verdict on the disputed element of lawful execution of a legal

3

duty; and (3) the trial court committed fundamental error in failing to specifically instruct the jury on both counts (as in Macon v. State, 854 So.2d 834 (Fla. 5th DCA 2003)) that it was the province of the jury to determine the lawfulness of the officer's conduct.  Ex. F, Initial Brief of Appellant.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. G; Ex. H. On November 22, 2005, the appellate court per curiam affirmed without issuing a written opinion.  Brown v. State, 916 So.2d 790 (Fla. 1st DCA 2005); Ex. I.  The mandate was issued on December 8, 2005.  Ex. I.

On or about April 19, 2006, Petitioner filed a *pro se* motion for post conviction relief with a supporting memorandum of law and an appendix pursuant to Fla. R. Crim. P. 3.850.  Ex. J at 1-199; Ex. K at 200-77.  In the motion, he raised the following claims: (1) counsel failed to move for dismissal of the resisting and obstructing charge on the ground of variance; (2) counsel failed to advise Petitioner of the defense of justifiable use of non-deadly force; (3) counsel failed to investigate the case; (4) counsel failed to ensure a fair trial; (5) counsel failed to object to multiple instances of prosecutorial misconduct; (6) counsel was ineffective on the cross-examination of Officer MacDonald; (7) counsel's pretrial motions in limine deprived Petitioner of critical evidence to support his defense; (8) counsel interfered with Petitioner's right to testify; (9) the cumulative effect of

4

counsel's errors deprived Petitioner of a fair and just trial.  Ex. J at 1-28.  The court ordered the State to file a response.  Ex. K at 278-79.  The State filed a response.  Id. at 282-92.  On July 13, 2006, the court summarily denied the Rule 3.850 motion in part with respect to grounds one, three, four, five, six, seven and nine and noted that an evidentiary hearing would be conducted to address grounds two and eight.  Ex. L at 293-99.  An evidentiary hearing was conducted on August 10, 2006, to address grounds two and eight.  Ex. L at 383-414, Transcript of the Evidentiary Hearing (hereinafter EH Tr.).  On August 22, 2006, the court denied the remainder of the Rule 3.850 motion.  Ex. L at 381-82.

On appeal, Petitioner filed a *pro se* appellate brief.  Ex. M.  The State filed an Answer Brief, and Petitioner filed a Reply Brief.  Ex. N; Ex. O.  On May 10, 2007, the appellate court per curiam affirmed without issuing a written opinion.  Brown v. State, 956 So.2d 1184 (Fla. 1st DCA 2007); Ex. P.  The mandate was issued on June 5, 2007.  Ex. P.

On or about May 15, 2007, Petitioner filed a *pro se* Motion for Correction, Reduction or Modification of Sentence pursuant to Fla. R. Crim. P. 3.800 (a), in which he claimed that he was unlawfully classified as a habitual felony offender when sentenced because the prior convictions upon which such classification was imposed were not final, that he was denied due process of law at his sentencing and that his sentence was unlawful because one of the prior

convictions upon which his habitual offender status was based came from out of state and there was no proof that the same was analogous to a Florida crime which could justify the classification.  Ex. Q.  On May 29, 2007, the trial court denied the motion.  Ex. R.  Petitioner did not appeal the denial of the Rule 3.800(a) motion.  Response at 3.

The Petition (handed to prison officials at the institution for mailing to the Court on August 12, 2007, and filed August 15, 2007) is timely filed within the one-year period of limitation. See 28 U.S.C. § 2244(d).

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 127 S.Ct. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.  The pertinent facts of the case are fully developed in the record before the Court.  Smith v. Singletary, 170 F.3d 1051, 1054 (11th

6

Cir. 1999).  Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development."  <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).  Therefore, an evidentiary hearing will not be conducted by this Court.

### IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.  <u>Nelson v. Alabama</u>, 292 F.3d 1291, 1294-95 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 926 (2003); <u>Fugate v. Head</u>, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), <u>cert</u>. <u>denied</u>, 535 U.S. 1104 (2002); <u>Wilcox v. Florida Dep't of Corr.</u>, 158 F.3d 1209, 1210 (11th Cir. 1998), <u>cert</u>. <u>denied</u>, 531 U.S. 840 (2000).  Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' <u>Crawford v. Head</u>, 311 F.3d 1288, 1295 (11th Cir. 2002)." <u>Stewart v. Sec'y, Dep't of Corr.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review:

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state
> court only if the state court adjudication
> resulted in a decision that was:  "(1) . . .

> contrary to, or involved an unreasonable[2]
> application of, clearly established Federal
> law, as determined by the Supreme Court of the
> United States; or (2) . . . based on an
> unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding."   28 U.S.C. § 2254(d);
> Marquard, 429 F.3d at 1303.   The phrase
> "clearly established Federal law," as used in
> § 2254(d)(1), encompasses only the holdings,
> as opposed to the dicta, of the United States
> Supreme Court as of the time of the relevant
> state court decision.   See Carey v. Musladin,
> 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
> 482 (2006) (citing Williams v. Taylor, 529
> U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
> L.Ed.2d 389 (2000)); Osborne v. Terry, 466
> F.3d 1298, 1305 (11th Cir. 2006).

Stewart, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)."   Schriro, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination

---

[2] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. 1933, 1939 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  <u>Wright v. Sec'y for the Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th Cir. 2002), <u>cert</u>. <u>denied</u>, 538 U.S. 906 (2003).  <u>See</u> <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1227 (11th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit recently captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687, 104 S.Ct. at 2064.  Second, the defendant

must show that counsel's deficient performance prejudiced him. <u>Id</u>. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694, 104 S.Ct. at 2068.

<u>Gaskin v. Sec'y, Dep't of Corr.</u>, 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Florida Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

The Eleventh Circuit stated:

The Supreme Court has established certain principles and presumptions to guide our review of ineffectiveness claims under the flexible, case-specific standards of <u>Strickland</u>. We engage only in a "highly deferential" review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065 (quotation omitted). As a result of this presumption, a petitioner must show "that no competent counsel would have taken the action that his counsel did take." <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Thus, "where the record is incomplete or unclear about [counsel]'s actions, we will presume that he

did what he should have done, and that he
exercised reasonable professional judgment."
<u>Id</u>. at 1314 n. 15 (quoting <u>Williams v. Head</u>,
185 F.3d 1223, 1228 (11th Cir. 1999)).
Moreover, because the standard is an objective
one, trial counsel's admission that his
performance was deficient "matters little."
<u>Id</u>. at 1315 n.16.  We must also avoid "the
distorting effects of hindsight" and evaluate
the reasonableness of counsel's performance
from the perspective of counsel at the time
the acts or omissions were made.  <u>Strickland</u>,
466 U.S. at 689, 104 S.Ct. at 2065.

<u>Jennings v. McDonough</u>, 490 F.3d 1230, 1243-44 (11th Cir. 2007).

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that trial counsel was
ineffective for failure to move for a dismissal of the resisting
and obstructing charge (count two) on the ground of variance.[3]  As
acknowledged by the parties, Petitioner raised this ground in his

---

[3] The Information reads:

> And for the second count of this
> information, your informant further charges
> that RONNIE BROWN on the 20th day of April,
> 2004, in the County of Duval and the State of
> Florida, did knowingly and willfully resist,
> obstruct, or oppose Thomas McDonald, a deputy
> sheriff of the Jacksonville Sheriff's Office,
> in the lawful execution of his legal duty, to-
> wit: investigating a suspicious person, by
> offering or doing violence to the person of
> the said Thomas McDonald, contrary to the
> provisions of Section 843.01, Florida
> Statutes.

Ex. A at 5, Information.

Rule 3.850 motion (as ground one).  In denying the ineffectiveness

claim on the merits, the trial court stated in pertinent part:

> **GROUND ONE**. The Defendant asserts that
> his trial counsel provided ineffective
> assistance to him by failing to move to
> dismiss a charge against him ("resisting and
> obstructing") based on the grounds of
> "variance." However, the Court's close
> examination of the Defendant's motion on this
> issue does not shed light on exactly what
> "variance" the Defendant believes existed. The
> Defendant does point out that the Information
> charging him with resisting an officer with
> violence alleged that the victim was, at the
> time, "in the lawful execution of his legal
> duty, to-wit: investigating a suspicious
> person . . . [.]" It appears that Defendant
> believes such allegation should have led his
> attorney to objecting to evidence that he had
> actually resisted a lawful arrest. Certainly,
> there was evidence that the victim was
> investigating a suspicious person when he
> encountered the Defendant. [TR 106-109]
>
> The fact that the Defendant resisted a
> lawful arrest was clearly admissible as res
> gestae evidence. See State v. Snowden, 345
> So.2d 856, 859-60 (Fla. 1st DCA 1977). In
> addition, it was relevant to allegations in
> another count of the Information filed against
> the Defendant regarding the crime of battery
> on a law enforcement officer. There, the State
> alleged that the battery was committed upon a
> law enforcement officer ". . . engaged in the
> lawful performance of his duty . . . [.]" In
> short, in Ground One[,] the Defendant wholly
> fails to set forth a basis upon which it could
> be found that his lawyer rendered ineffective
> assistance of counsel.

Ex. L at 293-94.

As noted previously, upon Petitioner's appeal, the appellate

court per curiam affirmed the trial court's order.  Accordingly,

the ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ineffectiveness ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit.  In evaluating the performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence.  The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted).  Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose.  United States v. Freixas, 332 F.3d

1314, 1319-20 (11th Cir. 2003).   Here, counsel's performance was not deficient.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.   Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. The evidence of Petitioner's guilt to the charges was overwhelming. Such is established by the testimony of Officer Thomas McDonald (Tr. at 111-15) and K-9 Officer James Thurne (id. at 153-55). Thus, the ineffectiveness claim is without merit.

### B. Ground Two

As ground two, Petitioner claims that trial counsel was ineffective for failure to object to "multiple instances of prosecutorial misconduct."[4]   As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion (as ground five).   In denying the ineffectiveness claim on the merits, the trial court stated in pertinent part:

> **GROUND FIVE**. The Defendant claims that his defense counsel was ineffective for failing to object to multiple instances of prosecutorial misconduct. The Court has closely examined these alleged instances, in light of the entire record before it. It finds no basis for

_____

[4] Petitioner Brown sets forth the "multiple instances of prosecutorial misconduct" in his Petition.   See Petition at 6-9.

> believing that the alleged "misconduct" was
> objectionable.

Ex. L at 297.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ineffectiveness ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit. Considering the strong presumption in favor of counsel's competence, this Court concludes that counsel's performance was not deficient.  Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the

assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit.[5]

## C. Ground Three

As ground three, Petitioner claims trial counsel was ineffective for failure to conduct an investigation and for failure to call witnesses. As acknowledged by the parties, Petitioner raised this ground in his Rule 3.850 motion (as ground three). In denying the ineffectiveness claim on the merits, the trial court stated in pertinent part:

> **GROUND THREE.** Defendant asserts that his trial counsel failed to properly investigate his case. These failures allegedly went to matters that would have affected the Defendant's state of mind during the initial police stop at bar. Such, Defendant contends, would have helped the jury resolve ". . . any speculation as to whether or not the Defendant was escaping the warrant or truly escaping what he believed to be danger." Defendant does not demonstrate how this information would have affected the outcome of his trial since it is against the law to resist with violence even an unlawful

---

[5] The reversal of a conviction is warranted only when improper comments by a prosecutor have "'so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process.' Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974))." Parker v. Head, 244 F.3d 831, 838 (11th Cir. 2001). This Court has thoroughly reviewed the record and is convinced that the comments did not result in a due process violation. Thus, counsel was not ineffective for failing to object to the prosecutor's argument.

arrest. <u>See</u>, <u>State v. Davis</u>, 652 So.2d 942 (Fla. 5th DCA 1995).[6]

Defense counsel's alleged failure to properly investigate the case also went to whether a house near the site of the events at bar was an abandoned house. Defendant contends that his arresting officer had said that the house was abandoned, and that he could have been impeached on this subject. Actually, though, the officer testified that "I believe the house is a rooming house or abandoned, lots of traffic goes in and out of it." [TR 107]. In addition, the issue was so peripheral to the prosecution, that there is no likelihood that investigation regarding the house could have led to a different outcome at trial. <u>See</u>, <u>Strickland v. Washington</u>, <u>supra</u>.

Ex. L at 296.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ineffectiveness ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable

_____

[6] <u>See</u> <u>State v. Davis</u>, 652 So.2d 942, 943 (Fla. 5th DCA 1995) ("However, Davis was not privileged to use force or offer to do so, against a law enforcement officer, even if the arrest were illegal.") (citations omitted).

application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit. Considering the strong presumption in favor of counsel's competence, this Court concludes that counsel's performance was not deficient. Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit.

### D. Ground Four

As ground four, Petitioner claims that the trial court erred as a matter of law by instructing the jury that investigating a suspicious person constitutes lawful execution of a legal duty. Petitioner initially framed this ground as follows: whether the State failed to prove one of the elements, that being lawful execution of a legal duty. See Petition at 13; Response at 12. Thus, Respondents stated that the issue had not been presented in state court and was thus procedurally barred. However, in Petitioner's Response to Answer to Show Cause (Doc. #22), he noted that the issue was actually set forth on page eleven of his Petition rather than on page twelve of his Petition. Petitioner's

18

Response to Answer to Show Cause at 11.  Thus, he states that he raised ground four (the trial court erred as a matter of law by instructing the jury that investigating a suspicious person constitutes lawful execution of a legal duty) on direct appeal as grounds one through three.  <u>Id</u>.  He notes that the issues on direct appeal and ground four "concern the unlawful use by the trial court of jury instructions that were contrary to Florida law."  <u>Id</u>.  It appears that Petitioner did raise this claim on direct appeal as ground one.  <u>See</u> Ex. F; Ex. G; Ex. H.

Petitioner raised this claim on direct appeal solely as a violation of state law.  Petitioner did not present the issue on direct appeal in terms of federal constitutional violations; however, he presents the same claim here that he raised on direct appeal.  Thus, this Court is satisfied that the claim is exhausted, but it presents an issue of state law that is not cognizable on federal habeas review.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, <u>reh'g denied</u>, 501 U.S. 1277 (1991).  "Federal habeas relief is unavailable 'for errors of state law.'"  <u>Jamerson v. Secretary for Dept. of Corrections</u>, 410 F.3d 682, 688 (11th Cir. 2005) (quoting <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)).

19

The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1264 (11th Cir.) (per curiam), <u>cert</u>. <u>denied</u>, 504 U.S. 944 (1992). As succinctly stated by the Eleventh Circuit:

> A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. <u>Bronstein v. Wainwright</u>, 646 F.2d 1048, 1050 (5th Cir. Unit B June 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. <u>Mendiola v. Estelle</u>, 635 F.2d 487, 489 (5th Cir. Unit A 1981).

<u>McCullough v. Singletary</u>, 967 F.2d 530, 535-36 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 507 U.S. 975, <u>reh'g</u> <u>denied</u>, 507 U.S. 1046 (1993).

In sum, Petitioner's claim under ground four (that the trial court erred under Florida law) presents an issue of state law that is not cognizable on federal habeas review. Thus, he is not entitled to relief on the basis of this claim under ground four.

Even assuming that Petitioner raised the claim on direct appeal as a federal constitutional claim, the State, in response, addressed the merits of the claim. Ex. G at 8-16. Accordingly, this claim was rejected on the merits by the state appellate

court.[7]   Thus, there is a qualifying state court decision.   This
claim should be addressed applying the deferential standard for
federal court review of state court adjudications, as required by
AEDPA.   Upon a thorough review of the record and the applicable
law, it is clear that Petitioner is not entitled to relief on the
basis of this claim because the state court's adjudication of this
claim was not contrary to clearly established federal law, did not
involve an unreasonable application of clearly established federal
law, and was not based on an unreasonable determination of the
facts in light of the evidence presented in the state court
proceedings.   Further, the claim is without merit.   <u>See</u> Response at
13-14; Ex. G at 8-16; Tr. at 165-66.

### E. Ground Five

As ground five, Petitioner claims trial counsel was
ineffective for interfering with Petitioner's right to testify at
the trial.   As acknowledged by the parties, Petitioner raised this
ground in his Rule 3.850 motion (as ground eight).   After
conducting an evidentiary hearing on this ground, the trial court
denied the ineffectiveness claim on the merits, stating in
pertinent part:

---

[7] As previously stated, for a state court's resolution of a
claim to be an adjudication on the merits, so that the state
court's determination will be entitled to deference for purposes of
federal habeas corpus review under AEDPA, all that is required is
a rejection of the claim on the merits, not an opinion that
explains the state court's rationale for such a ruling.   <u>Wright v.
Sec'y for the Dep't of Corr.</u>, 278 F.3d at 1255.

21

> **THIS CAUSE** came on for evidentiary
> hearing upon Defendant's Motion for Order
> Vacating Judgment and Sentence filed herein on
> April 24, 2006.  On July 14, 2006, this Court
> entered an Order denying Defendant's motion in
> part, and setting it for evidentiary hearing
> in part.  The contents of the Court's July 14,
> 2006[,] Order are hereby incorporated herein.
>
> The Court now finds that when the
> Defendant made a decision not to testify at
> his trial, which he openly declared to the
> Court, he did so with full knowledge of his
> possible defenses and with complete and
> adequate advice from trial counsel.

Ex. L at 381.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the ineffectiveness claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ineffectiveness ground should be addressed applying the deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This Court also finds this ground to be without merit.  At the evidentiary hearing, trial counsel (Matthew Shirk) testified, in pertinent part, as follows with respect to this particular issue:

> I probably did [(advise you it would be in your best interest _not_ to testify)], given your enormous number of felony convictions.  I -- I do specifically remember talking with you in the chute in the back over here during the trial and then prior to the trial we discussed your potential testimony.  And I advised you, like I do every single client that I have, that it is absolutely your right and that I'm not going to tell you one way or another, and I told you, and I believe I gave you the specific example of a client that I had that did testify with eight felony convictions and he was acquitted and [sic] but by the same token I had other clients who -- who had a number of felony convictions that chose not to testify and were also acquitted.  I specifically do remember telling you that I thought in my experience it would probably not be in your best interest to testify, given your -- what we thought at the time was 61 felony convictions.  I think the State had proof of 50 something.  But that I told you that it was up to you and it was your decision alone and if you wished to testify, then you should and we would work with that.
>
>                 . . . .
>
> We discussed what your defense was prior to trial and about the self-defense instruction.  You and I discussed that prior to trial.  The discussion with the Court about jury instructions typically always takes place during this charge conference which is usually, in the case with Judge Dearing, always took place after the State's case was completed and sometimes before the defense began its case, sometimes in the middle of [the] defense case or sometime after the case was -- all the evidence was in.

> . . . .
>
> You and I discussed the jury instruction together.  We did.  I specifically remember discussing it with you.
>
> . . . .
>
> What I can tell you, Mr. Brown, is the defense that we went with at trial was a defense that you and I discussed and agreed to go with.
>
> . . . .
>
> I have never in my practice created a defense and not went [sic] over it with a client prior to a trial.  I've tried over 50 cases and that has never happened one time, including with your case.  I would never do that.

Tr. at 403-04, 405, 407.

After the evidentiary hearing, the state court resolved the credibility issue in favor of believing counsel's testimony over that of Petitioner.  Further, the post conviction court found that "when the Defendant made a decision not to testify at his trial, which he openly declared to the Court,[8] he did so with full knowledge of his possible defenses and with complete and adequate advice from trial counsel."  Ex. L at 381.  The Court notes that credibility determinations are questions of fact.  See Martin v. Kemp, 760 F.2d 1244, 1247 (1985) (per curiam) (finding that factual issues include basic, primary, or historical facts, such as external events and credibility determinations).  Petitioner has

---

[8] Tr. at 157-59.

24

not rebutted the trial court's credibility finding by clear and convincing evidence.  See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  Given the trial court's credibility determination, it is clear that Petitioner's claim is wholly unsupported and therefore, the claim must fail.

This Court also finds this ground to be without merit. Considering the strong presumption in favor of counsel's competence, this Court concludes that counsel's performance was not deficient.  At the trial, the trial judge inquired as to whether the defense would present any evidence or not.   Tr. at 157. Defense counsel responded:

> I would ask for approximately ten minutes and the reason I ask for more time is there are a number of judgments and sentences that I have yet to go over with Mr. Brown which may influence his decision.

Id. at 157-58. After conferring with Petitioner Brown, defense counsel stated that the defense "will not be putting on any evidence."  Id. at 158.

The trial judge then stated that he would need to talk to Petitioner Brown about the decision to testify or not.   Id.   The following colloquy ensued.

> THE COURT: I need to talk to Mr. Brown about that decision.
>
> Mr. Brown, come stand beside Mr. Shirk. You understand as the defendant you have the absolute right to testify?
>
> THE DEFENDANT: Yes, sir.

THE COURT: And equally [the] right to not testify.  Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Have you [sic] an equal right to present any other evidence or not present any other evidence.

THE DEFENDANT: Yes, sir.

THE COURT: And the decision whether or not you testify or you present any other evidence must be your decision and yours alone.  Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: While it's appropriate to consult with Mr. Shirk in making that decision, he cannot make that decision for you.  It must be yours and yours alone.  Do you understand?

THE DEFENDANT: Yes.

THE COURT: Mr. Shirk has told me you will not be testifying or will not be presenting any other evidence.  Is that your decision, sir?

THE DEFENDANT: Yes, that's my decision, Your Honor.

Tr. at 158-59.  As noted by defense counsel at both the trial and the evidentiary hearing, Petitioner had approximately fifty to sixty prior felony convictions, which played a role in Petitioner's final decision to _not_ testify.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the

26

case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, the ineffectiveness claim is without merit.

### F. Ground Six

As ground six, Petitioner claims trial counsel was ineffective for failure to challenge the perjured testimony. Respondents contend, and this Court agrees, that this claim was not raised in the state courts and is therefore procedurally defaulted. Response at 17. Petitioner concedes that the issue was not raised in the state courts, but wishes "to bring to this Court's attention the perjury testimony presented at trial to support all other claims raised in the instant habeas corpus." Petitioner's Response to Answer to Show Cause at 12.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'q denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner, 339 F.3d at 1281 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). "This exhaustion doctrine 'is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are

presented to the federal courts.'" <u>Turner</u>, 339 F.3d at 1281 (quoting <u>O'Sullivan</u>, 526 U.S. at 845).

Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. <u>See</u> <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, 10 (1992). A federal court need not dismiss the petition to allow for exhaustion of state remedies, however, if such a dismissal would be futile.

> [I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.

<u>Bailey v. Nagle</u>, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam) (citing <u>Snowden v. Singletary</u>, 135 F.3d 732, 737 (11th Cir.), <u>cert</u>. <u>denied</u>, 525 U.S. 963 (1998)).

It would be futile to dismiss this case to give the Petitioner an opportunity to exhaust the claim in state court because he could have and should have raised the claim in his motion for post-conviction relief. If Petitioner attempted to raise such a claim in another Rule 3.850 motion at this time, such a motion would be subject to dismissal as successive, <u>see</u> Fla. R. Crim. P. 3.850(f), and untimely. <u>See</u> Fla. R. Crim. P. 3.850(b). Thus, this claim has been procedurally defaulted.

"Procedural defaults in state courts will foreclose federal
court review, absent a showing of cause and prejudice." Parker v.
Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003)
(citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540
U.S. 1222 (2004).  "[A] federal court may also grant a habeas
petition on a procedurally defaulted claim, without a showing of
cause or prejudice, to correct a fundamental miscarriage of
justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir.
2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96
(1986)), cert. denied, 538 U.S. 947 (2003).  The fundamental
miscarriage of justice exception is only available in extraordinary
cases upon a showing of "'actual' innocence" rather than mere
"'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th
Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and
actual prejudice resulting from the bar.  Furthermore, he has not
shown that he is entitled to the fundamental miscarriage of justice
exception.  Thus, this claim is procedurally barred from review in
this Court.  Even assuming that this claim is not procedurally
barred, the claim is without merit.  See Response at 17-19.

### G. Ground Seven

As ground seven, Petitioner claims that the trial court
committed fundamental error in denying him the assistance of
counsel and witnesses at the state court evidentiary hearing.  As

previously noted, the trial court conducted an evidentiary hearing on Petitioner's Rule 3.850 motion (grounds two and eight).  To the extent that Petitioner's claim pertains to alleged errors in the post-conviction proceedings, such alleged defects do not state a basis for federal habeas relief.

The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.[9]   Coleman v. Thompson, 501 U.S. 722, reh'g denied, 501 U.S. 1277 (1991).

The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief.  825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not

_____

[9] A federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §2254(a).

> addressable through habeas corpus
> proceedings"). Therefore, while habeas relief
> is available to address defects in a criminal
> defendant's conviction and sentence, an
> alleged defect in a collateral proceeding does
> not state a basis for habeas relief. See
> Spradley, 825 F.2d at 1568.

Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), cert. denied,

543 U.S. 960 (2004). Thus, Petitioner is not entitled to relief on

the basis of this claim.

### H. Ground Eight

As ground eight, Petitioner claims that trial counsel was

ineffective for failure to properly argue the motion for judgment

of acquittal at the close of the State's case. Respondents

contend, and this Court agrees, that this claim was not raised in

state court and is therefore procedurally defaulted. Response at

22. Petitioner has not shown both cause excusing the default and

actual prejudice resulting from the bar. Furthermore, he has not

shown that he is entitled to the fundamental miscarriage of justice

exception. Thus, this claim is procedurally barred from review in

this Court and will not be further addressed by this Court. See

Section VI. F. Ground Six (discussion of law pertaining to

procedural default).

### I. Ground Nine

As ground nine, Petitioner claims an illegal sentence results

when a prior predicate conviction without a final disposition is

used for habitualization. This ground was presented in

31

Petitioner's *pro se* Motion for Correction, Reduction or Modification of Sentence pursuant to Fla. R. Crim. P. 3.800 (a), in which he claimed that he was unlawfully classified as an habitual felony offender when sentenced because the prior convictions upon which such classification was imposed were not final, that he was denied due process of law at his sentencing and that his sentence was unlawful because one of the prior convictions upon which his habitual offender status was based came from out of state and there was no proof that the same was analogous to a Florida crime which could justify the classification. Ex. Q. The trial court denied the motion. Ex. R. Petitioner did not appeal the denial of the Rule 3.800(a) motion. Response at 3.

Respondents contend, and this Court agrees, that this claim is procedurally defaulted. Response at 23. Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, this claim is procedurally barred from review in this Court and need not be further addressed by this Court. See Section VI. F. Ground Six (discussion of law pertaining to procedural default).

Even assuming that this claim is not procedurally barred from review in this Court, the claim raises issues of state law only. In sum, Petitioner's claim under ground nine (that the trial court erred under Florida law) presents an issue of state law that is not

cognizable on federal habeas review.  Thus, he is not entitled to relief on the basis of this claim under ground nine.  <u>See</u> Section VI. D. Ground Four (discussion of state law issues).

Any claims not specifically addressed are found to be without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 29th day of July, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

```
sc 7/28
c:
Ronnie Brown
Ass't Attorney General of Record
```